**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BENSON CABLE, LLC, AND** | ) | |
| **DUSTIN BENSON, AN INDIVIDUAL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:26-cv-00304** |
| | ) | |
| **FLYHITRANS, INC., A** | ) | |
| **TEXAS CORPORATION,** | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

### I.   JURISDICTION AND VENUE.

1.   The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.  Jurisdiction is appropriate pursuant to U.S.C. 28 §1332 based upon complete diversity of the parties.  Plaintiff Benson Cable, LLC is a Tennessee corporation, and Plaintiff Dustin Benson, owner of the vehicle in question, is a resident citizen of the State of Tennessee. Defendant is a Texas corporation, upon information and belief.

2.   Venue is proper pursuant to 28 U.S.C. §81 and §1391 because a

1

substantial part of the events or omissions giving rise to the claim and Plaintiffs' damages occurred within the Southern District, Southern Division in the state of Alabama.

## I. GENERAL AVERMENTS AND FACTS.

3. Plaintiff Benson Cable, LLC is a Tennessee corporation that is solely owned by Dustin Benson, who resides in Savannah, Tennessee at 3630 Middle Bridge Road. The corporation is domiciled there and that address is its only location. Plaintiff Dustin Benson is the owner of the bucket truck involved in the accident complained of herein.

4. The Defendant Flyhitrans, Inc., a Texas corporation, is domiciled in the State of Texas and has its principal place of business at 1401 Huffmeister Road, Cypress, Texas 77429-1801. Defendant's vehicle, a 2022 Volvo Truck, was, at the time made the basis of this lawsuit, in transit and operating as a motor carrier, driven by Allen Crittenden, an approved driver for Defendant.

5. On or about January 21, 2026 the Defendant was involved in an accident with the Plaintiff Dustin Benson's bucket truck, causing it severe damage, damage which disabled the vehicle and prevented the vehicle from return to use by the Plaintiff. The Plaintiff corporation's sole source of income was from the said bucket truck. The accident in question occurred in Perry County, Alabama, in the City of Union Town at or near Washington Street and Highway 183. Crittenden

was driving the Defendant's truck and hit Plaintiff's vehicle from behind causing

the significant damage to Plaintiff's work vehicle.  A diagram from the accident

scene shows a depiction of the accident as follows:



6.    The Defendant's vehicle caused the accident and as a result of the crash

Plaintiffs suffered  property damage and financial damages, including complete

loss of income from Plaintiff's bucket truck. The damages were a proximate result

of the conduct of the Defendant.

3

## II.   CAUSES OF ACTION.

## COUNT ONE – NEGLIGENCE

7.   Plaintiffs hereby reallege and adopt all of the previous paragraphs of the complaint because they are true and correct and because they support the negligence count of the Plaintiffs against the Defendant.

8.   Plaintiffs allege negligence at the time and occasion described more clearly hereinabove.  The Defendant was operating a commercial vehicle consisting of a tractor and trailer which proximately caused the damage to Plaintiff's vehicle and the loss of income to the corporation which resulted from Plaintiff's vehicle being out of commission.  Plaintiffs claim negligence against the Defendant.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendant for negligence in an amount to be determined by the jury, plus costs of this action. Plaintiffs pray for such other and further relief as to the Court and jury seem proper and just.

## COUNT TWO - WANTONNESS

9.   Plaintiffs hereby reallege and adopt all of the previous paragraphs of the complaint because they are true and correct and because they support the wantonness count of the Plaintiffs against the Defendant, and to avoid unnecessary and duplicative pleadings.

10.   Plaintiffs claim wantonness against the Defendant and claim that the wanton conduct, as set forth hereinabove, caused substantial property damages to the Plaintiffs' vehicle and also put the vehicle out of commission so that it could not earn income for the Plaintiff corporation.  The loss of income is continuing. Defendant's actions were reckless and extremely careless, amounting to wantonness.

11.   The Defendant and/or its related entities are responsible for the action of driver Crittenden as he was operating as an agent, servant or employee of the Defendant corporation and, as such, this Defendant is responsible for his actions on the basis of the theories of agency, employer-employee relationship, respondeat superior, and as a direct and proximate result thereof, the Plaintiffs suffered damages as complained of herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendant in an amount to be determined by the jury, plus interest and costs in this matter.

## COUNT THREE

## NEGLIGENT ENTRUSTMENT,  HIRING AND TRAINING

12.  Plaintiffs hereby reallege and adopt all of the previous paragraphs of

the complaint because they are true and correct and because they support the negligent entrustment, hiring and training count of the Plaintiffs against the Defendant.

13.  Plaintiffs claim that on January 21, 2026 the Defendant and its related entities negligently entrusted a commercial motor vehicle and trailer to driver Crittenden, not having properly trained and instructed said driver, and that by the exercise of reasonable care and diligence knew, or should have known, that said driver was incompetent to use, operate or control the commercial tractor and trailer.  Said driver did not respond appropriately to the situation and his tractor and trailer hit the Plaintiff's vehicle from behind, causing severe damage and loss of income.  The Defendant could have prevented this accident had it conducted proper hiring and /or training of its drivers.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendant for damages as described herein, and in an amount to be determined by a jury, plus interest and costs and for all such other and further relief as to the Court and jury seems proper and just.

/s/ Joseph Dennis
Joseph Dennis
Attorney for Plaintiff

OF COUNSEL:

TAYLOR, MARTINO & RYAN
455 St. Louis Street, Suite 2100
Mobile, Alabama 36602
Telephone:  251-433-3131
Facsimile: 251-433-4207
josephdennis@taylormartino.com

                                        /s/ Gary V. Conchin
                                        Gary V. Conchin (ASB-1263-C56G)
                                        Attorney for Plaintiff


                                        /s/ Andrew F. Banks
                                        Andrew F. Banks (ASB-3344-I370)
                                        Attorney for Plaintiff

OF COUNSEL:

CONCHIN, COLE, JORDAN
  &  SHERROD
2404 Commerce Court SW
Huntsville, AL 35801
Telephone: 256-705-7777
Facsimile:  256-705-7778
gary@alainjurylaw.com
andrew@alainjurylaw.com


PLAINTIFFS HEREBY DEMAND TRIAL BY STRUCK JURY FOR ALL
ISSUES SO TRIABLE.


                                        /s/ Gary V. Conchin
                                        Gary V. Conchin
                                        Attorney for Plaintiff